UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRION FOOTE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-4193-MMM |
| | ) |
| **WARDEN CHARLES JOHNSON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW

Plaintiff, currently in the custody of the Winnebago County Jail, filed an *in forma pauperis* ("IFP") petition and complaint under 42 U.S.C. § 1983, naming the Warden of the Kewanee Life Skills Re-entry Center and a John Doe Correctional Officer. When Plaintiff filed his complaint, he was not in custody, so was not a prisoner for purposes of the IFP statute, 28 U.S.C. § 1915. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on October 1, 2018, he was held at the Kewanee Life Skills Re-entry Center ("Kewanee"), an IDOC facility used to provide re-entry skills to qualifying prisoners who have one to four years left on their sentence. On that day, Plaintiff was in the Kewanee Health

Care Unit when a Defendant Doe Officer ordered him to provide a urine sample for a random drug test. Plaintiff objected that he had never had to submit to such a test before. He also objected to the Defendant watching him while he urinated. Plaintiff claims that the Defendant "had a weird look on his face" and made the comment "you're not shy are you?" Plaintiff claims this comment was "outrageous" and "shocking." Plaintiff also names Kewanee Warden Johnson, claiming that the Warden promulgated a policy, not otherwise identified, under which the Defendant Officer acted. Plaintiff alleges that Defendants acted negligently, willfully and wantonly, violating his right to privacy. Plaintiff alleges that he suffered emotional and mental stress and shame. He requests compensatory and punitive damages.

**ANALYSIS**

Plaintiff's complaint fails for several reasons, first, he alleges only negligence and willful and wanton conduct by Defendants, allegations which do not reach a constitutional standard. "[I]n order to establish a violation of the Eighth Amendment, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm to an inmate. Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

In addition, Plaintiff was in custody at the time in question, and did not have the same privacy rights as free citizens. It is widely recognized that prisoners do not have the same expectation of privacy as members of the general public. *See Burge v. Murtaugh*, No. 07-0336PS, 2007 WL 4335461, at *2 (N.D. Ind. Dec. 7, 2007) quoting *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984). "In weighing the privacy interests of an inmate against the legitimate security concerns of the jailer, the privacy interests of the inmate almost always must yield." *Id.* at *2 (finding that cameras in showers and toilet areas was not a constitutional violation). *See also*,

*Faison v. Ward*, No. 16- 0853, 2016 WL 6582649, at *3 (S.D. Ill. Nov. 7, 2016) (plaintiff failed to state a cognizable claim where he was observed by officer while providing a urine sample for drug screening).

There is the additional issue that Plaintiff cannot proceed on a claim for compensatory damages where he has not suffered a physical injury. *See Calhoun v. DeTella*, 319 F.3d 936 (7th Cir. 2003) (plaintiff is not eligible for compensatory damages for mental or emotional injury where he has not suffered physical injury, though he remains eligible for declaratory relief and punitive damages).

Plaintiff's complaint will be dismissed, though he will be given an opportunity to replead. As noted, Plaintiff has also filed a petition to proceed IFP, providing proof of indigency [ECF 10]. As Plaintiff was not in custody at the time, the Prisoner Litigation Reform Act does not apply and his IFP request is reviewed under 28 U.S.C. §1915(a). *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). The court must deny an IFP request, however, if : (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. §1915(e)(2). *See also, Hutchinson v Spink*, 126 F,3d 895, 899 (7th Cir. 1997) (recognizing the applicability of §1915 to cases brought by nonprisoners). As Plaintiff's complaint fails to state a claim, the IFP petition is DENIED with leave to reassert if he files an amended complaint.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order to file an amended complaint and IFP petition. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended

complaint will replace Plaintiff's original complaint in its entirety and must contain all allegations against all Defendants without reference to a prior pleading.

    2)    Plaintiff's petition to proceed IFP [ECF 10], is DENIED with leave to reassert.

ENTERED:   1/8/2021

                                                                  s/Michael M. Mihm
                                                                   MICHAEL M. MIHM
                                           UNITED STATES DISTRICT JUDGE