UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRION FOOTE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-4193-MMM |
| | ) |
| WARDEN CHARLES JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL MERIT REVIEW ORDER

On November 17, 2021, the Court conducted a merit review of Plaintiff's amended complaint [ECF 20]. At that time, the Court reserved ruling on Plaintiff's *in forma pauperis* ("IFP") petition [ECF 18]. In the interim, the Court has granted Plaintiff's IFP petition and hereby enter this Supplement to the merit review order.

Plaintiff, currently in the custody of the Winnebago County Jail, had filed an amended complaint under 42 U.S.C. § 1983, naming Charles Johnson, the Warden of the Kewanee Life Skills Re-entry Center, and a John Doe Correctional Officer. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In its review of the amended complaint [ECF 20], the Court noted that Plaintiff had previously pled that on October 1, 2018, he was in the Kewanee Health Care Unit when a Defendant Doe Officer ordered him to provide a urine sample for a random drug test. Plaintiff objected to the Defendant watching him while he urinated. Plaintiff claims that the Defendant "had a weird look on his face" and made the comment "you're not shy are you?" The Court dismissed the original complaint as failing to state a colorable claim. When Plaintiff replead, he asserted that during this encounter, the Doe officer "reached out and touched, pulled or stroked Plaintiff's penis as Plaintiff stood there in a state of shock, panic and disbelief not knowing what to do."

Plaintiff claimed that the encounter has brought back episodes of prior sex abuse, tormenting him. He also asserted that he had filed numerous grievances about the Doe Officer forcing him to urinate in front of him but did not claim that he grieved the alleged sexual assault. The Court questioned why Plaintiff would not have included these allegations in the initial complaint. Plaintiff was asked to respond and to submit a sworn affidavit as to whether he grieved the sexual assault. Plaintiff has done so, to the satisfaction of the Court.

The Court now undertakes a supplemental review of the amended complaint. Here, Plaintiff states a colorable Eighth Amendment claim against the Doe Officer for the alleged sexual assault. While prison officials are permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous in his person, they may not do so "in a harassing manner intended to humiliate and inflict psychological pain." *Turner v. Huibregtse*, 421 F. Supp. 2d 1149, 1151 (W.D. Wis March 22, 2006) (the grabbing of a prisoner's buttocks and the fondling of his penis do not advance a legitimate security interest). *See also, Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (officials may not undertake a

2

search "so totally without penological justification that it results in the gratuitous infliction of suffering."

While Plaintiff may proceed as to the alleged sexual assault, he may not as to the general claim that he should not have been subjected to urine testing, and not required to urinate in front of an officer. As previously noted, Plaintiff was in custody at the time in question, and it is widely recognized that prisoners do not have the same expectation of privacy as members of the general public. *See Burge v. Murtaugh*, No. 07-0336PS, 2007 WL 4335461, at *2 (N.D. Ind. Dec. 7, 2007) quoting *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984). "In weighing the privacy interests of an inmate against the legitimate security concerns of the jailer, the privacy interests of the inmate almost always must yield." *Id.* at *2. *See also*, *Faison v. Ward*, No. 16- 0853, 2016 WL 6582649, at *3 (S.D. Ill. Nov. 7, 2016) (plaintiff failed to state a cognizable claim where he was observed by officer while providing a urine sample for drug screening).

Plaintiff also names Kewanee Life Skills Warden Johnson, claiming that he "disregarded" Plaintiff's grievances and an emergency grievance and did so to avoid scandal. "Liability under section 1983 depends on personal involvement in the violation… Involvement in the grievance process, standing alone, is insufficient to give rise to personal liability. *Larue v. Estate of Obaisi*, No. 18-932, 2021 WL 3290919, at *9 (N.D. Ill. Aug 2, 2021) (citing *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012)). "Simply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

3

Here, Plaintiff has not pled a colorable claim against Defendant Johnson. However, as the only remaining Defendant is a Doe Defendant who cannot be served, Defendant Johnson will remain. This is so, as the Seventh Circuit Appellate Court has held "that where a pro se plaintiff states a colorable claim but is unable to identify the proper defendants due to his incarceration the district court should assist him in identifying the proper parties." *Wetzel v. Sheahan*, 210 F.3d 377 * 4 (7th Cir. 2000). *See also*, *Donald v Cook Co. Sheriffs Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) ("[d]epending on the particular circumstances of the case, the court may assist the plaintiff by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible. ..") Warden Johnson will remain for the limited purpose of helping to identify the Doe Officer. When Warden Johnson has done so, he is to inform the Court and he will be dismissed as a party.

This case will proceed against the Doe Defendant on the allegations of Plaintiff's amended complaint and request for nominal and punitive damages. Plaintiff is placed on notice that it will be his responsibility, during initial disclosures and discovery to identify the Doe Defendant and that the failure to do so may result in the dismissal of this Defendant.

**IT IS THEREFORE ORDERED:**

1.    This case shall proceed solely against the Doe Defendant on the claim that he sexually assaulted Plaintiff. Plaintiff is placed on notice that it will be his responsibility to identify this individual. Warden Johnson will remain a Defendant for the limited purpose of helping to identify the Doe Officer. When Defendant Johnson has done so, he is to file a Notice of Compliance attesting to this. At this time, the Court contemplates dismissing him as a party. All other claims will not be included in the case, except in the Court's discretion upon motion by

a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6.  Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.  Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8.  Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT

DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED:  12/13/2021

                                                   s/Michael M. Mihm
                                                MICHAEL M. MIHM
                                       UNITED STATES DISTRICT JUDGE